Eric P. **THARPE**, Plaintiff,

v.

**ILLINOIS NATIONAL INSURANCE COMPANY**, Defendant.

**CIV.A. No. 3:00CV–498–S.**

United States District Court,
W.D. Kentucky,
at Louisville.

March 8, 2001.

Robert E. Barnett III, Frances E. Bauman, Barnett, Porter, Dunn & Tobin, Louisville, KY, for plaintiff.

Robert L. Steinmetz, Christopher M. Mussler, Frost, Brown & Todd, Louisville, KY, for defendant.

## MEMORANDUM OPINION AND ORDER

SIMPSON, Chief Judge.

This matter is before the court on motion of the defendant, Illinois National Insurance Company ("INIC"), to bifurcate the plaintiff's claim for basic reparation benefits from all other claims for purposes of both discovery and trial.

In July of 1997, the plaintiff, Eric P. Tharpe ("Tharpe") was involved in a motor vehicle accident. He obtained chiropractic treatment for injuries purportedly suffered in the accident, receiving frequent care from July 18, 1997 until the end of January, 1998. Carmen Alampi, D.C., Tharpe's treating chiropractor, submitted a bill to INIC in May of 1998 in the amount of $9,365.00. INIC reviewed the matter and determined that only a portion of the bill was payable. On July 18, 2000, Tharpe filed suit in the Hardin County, Kentucky, Circuit Court, alleging that INIC's failure to pay Dr. Alampi's bill in full constituted a violation of various Kentucky statutes relating to 1) the timely payment of basic reparations benefits, 2) unfair claims settlement practices, and 3) consumer protection. He also claimed to have suffered mental pain and anguish, and claimed entitlement to punitive damages. In August of 2000, the action was removed to this court on diversity grounds.

INIC moved for bifurcation of what it refers to as the contractual claim (basic reparations benefits claim) from the extra-contractual claims (the remaining claims) for purposes of discovery and trial. INIC urges that "Plaintiff should not be allowed to shift the focus of discovery from the controlling question of whether his contract claim is covered to issues concerning the alleged bad behavior of [INIC] unless and until he prevails summarily on the contractual coverage claim." Defendant's Reply in Support of Motion for Stay and Bifurcation, pg. 2.

INIC seeks a stay of discovery on the extra-contractual claims on the ground that "[t]he issue of alleged bad faith behavior is in no way relevant to the ultimate determination of Plaintiff's underlying coverage claim..." Defendant's Reply, pg. 2. The court heard oral argument on December 15, 2000, to further explore this contention. The parties were then granted a period of time in which to provide the court with additional authority. The matter is now submitted for consideration of INIC's motion.

■ The parties agree that bifurcation is usually warranted in third-party actions in which the plaintiff asserts a claim for liability against a defendant and a claim for bad faith against the defendant's insurer. In the words of the Supreme Court of Kentucky, reiterated in *Wittmer v. Jones,* 864 S.W.2d 885, 891 (Ky.1993):

> This [bifurcation] procedure "better protect[s] the rights" of the two different defendants because it keeps out of the first trial "evidence which was relevant to the issue of bad faith but unnecessary and possibly prejudicial...in the trial of the preliminary question of liability." [711 S.W.2d at 849]. While we see no impediment to the joinder of the claims in a single action, at trial the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented. Liability insurance should not be interjected needlessly into the trial of a negligence case.

This is a first-party action, however. INIC is the sole defendant. All of the claims made by Tharpe arise from the handling of the chiropractor's bill. Thus, the concerns regarding relevancy and prejudice discussed in the *Wittmer* case take on different contours in the context of this action.

The question must be framed in terms of whether there will be evidence adduced in discovery and offered at trial which is relevant to bad faith but unnecessary and possibly prejudicial to INIC with respect to the allegation of failure to pay basic reparation benefits.

In analyzing how other jurisdictions resolve the issue of bifurcation of first-party bad faith actions against insurers [footnote omitted], we have found almost unanimity in determining that the issue is a discretionary matter for trial courts. All federal courts, when applying federal law, apply Rule 42(b) of the Federal Rules of Civil Procedure when deciding whether to bifurcate and stay a first-party bad faith claim against an insurer. [citations omitted].

*Light v. Allstate Insurance Company,* 203 W.Va. 27, 506 S.E.2d 64, 71–72 (1998)(citing numerous federal cases). In this instance the court cannot fathom as a practical matter how the two issues can be separated for purposes of discovery and trial.

*Bolin v. Grider,* 580 S.W.2d 490 (Ky.1979) addressed the proof required to recover under the Motor Vehicle Reparations Act:

KRS 304.39–020(5)(a) provides in pertinent part:

"Medical expense" means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, and other remedial treatment and care ... There shall be a presumption that any medical bill submitted is reasonable.

■ This statute reflects a legislative judgment that:

A. "Medical expense" must be reasonable in the amount of charges.

B. "Medical expense" must be reasonably needed as a result of the collision in issue.

C. Once medical bills have been introduced they place on the defendant the practical necessity of going forward with impeaching proof if he would avoid a directed verdict on these issues. *See, Lee v. Tucker,* Ky., 365 S.W.2d 849, 852 (1963).

The statute thus requires that INIC present some evidence to controvert the rebuttable presumption that the chiropractor's bill was reasonable in amount and reasonably necessary.

■ With respect to the claim for violation of the Unfair Claims Settlement Practices Act, the Kentucky Supreme Court has held that:·

[A]n insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed...

*Motorists Mutual Insurance Company v. Glass,* 996 S.W.2d 437 (Ky.1997), *quoting, Wittmer v. Jones,* 864 S.W.2d 885 (Ky.1993) and cases cited therein. In order to recover enhanced interest and attorney's fees, Tharpe must establish that delay and/or denial of payment by INIC was without reasonable foundation. KRS 304.39–210; 304.39–220.

■ The evidence to be offered by INIC to establish that it acted with a reasonable basis or upon a reasonable foundation is that its review of the chiropractor's bill established that some charges were excessive and/or unnecessary. INIC would offer this same proof in order to defeat Tharpe's claim that the bill should have been paid in full. The issues are inextricably intertwined.

There is no purpose to be served by bifurcation of the claims in this case. The facts relating to the basis for denial of payment of the chiropractor's bill are applicable to all of Tharpe's claims. The usual considerations which militate in favor of bifurcation are absent. Therefore the motion of INIC for bifurcation and a stay of discovery is **DENIED**.