James A. ELLIS, et al., Plaintiffs,

v.

ARROWOOD INDEMNITY COMPANY, Defendant.

Civil No. 12–140–ART.

United States District Court,
E.D. Kentucky,
Southern Division,
Pikeville.

Signed July 21, 2015.

Hans G. Poppe, Kirk A. Laughlin, Scarlette Renee Burton, Warner Thomas Wheat, The Poppe Law Firm, Louisville, KY, James A. Hertz, Kenneth R. Friedman, Friedman Rubin, Bremerton, WA, for Plaintiffs.

Michael E. Nitardy, Tonya J. Austin, William T. Robinson, III, Frost, Brown, Todd, LLC, Florence, KY, Scott R. Brown, Frost Brown Todd LLC, Cincinnati, OH, for Defendant.

## ORDER

AMUL R. THAPAR, District Judge.

This case is a court's version of *Inception:* suits within suits within suits. In 1998, plaintiffs James Ellis and his architecture firm ("Ellis Parties") sued two former law firms, now joined by their insurer, defendant Arrowood Indemnity Company (collectively, "Arrowood"), for legal malpractice ("Case 2"). The Ellis Parties alleged that their lawyers, Arrowood's insureds, were professionally negligent in failing to file and prosecute claims against Sam Martin, Jr., and the IRS ("Case 1").

The parties finally settled in 2005 after several contentious years. The next year, a Kentucky judicial commission set that settlement aside because the presiding judge had failed to disclose a conflict of interest. After six more years of fruitless negotiations, the Ellis Parties finally reached a new settlement agreement with Arrowood in 2012 for the same dollar amount as the 2005 settlement. Five weeks later, the Ellis Parties sued Arrowood for statutory bad faith and deceptive trade practices under the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), Ky.Rev.Stat. Ann. § 304.12–230 ("Case 3"). R. 1–1 at 7–9. That law holds insurers liable for "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." Ky.Rev.Stat. Ann. § 304.12–230(6).

At the close of discovery, Arrowood moved for summary judgment. The Court granted the motion as to the Ellis Parties' bad faith claims that accrued before November 5, 2007, and denied the motion as to claims that accrued after November 5, 2007. R. 137. Defendant Arrowood then moved for the Court to clarify the issues remaining for trial, R. 139. Arrowood also moved for up to seven separate trials under Federal Rule of Civil Procedure 42(b), to litigate (a) the Ellis Parties' original claims against Sam Martin, Jr., and the IRS, Case 1; (b) the Ellis Parties' legal malpractice claims against Arrowood's insureds, Case 2; and (c) the Ellis Parties' bad faith claim against Arrowood, Case 3. R. 141–1 at 1.

## CLARIFICATION

Arrowood seeks clarification of the issues that remain for trial. Arrowood's motion lists three: first, the plaintiffs' burden of proof to establish "the underlying liability and damages" for legal malprac-

tice against Arrowood's insureds, Cases 1 and 2; second, "the lack of any settlement in 2012;" and third, the "[p]laintiffs' alleged ... damages" in Case 3. R. 139–1 at 1–2.

First, the Ellis Parties do not need to establish the underlying liability and damages for legal malpractice against Arrowood's insureds, Case 2. Nor do the plaintiffs have to try any issues related to Case 1. Those matters were settled in 2012. *See* R. 1–1 at 6. The 2012 settlement was for relief that the Ellis Parties could have obtained had Arrowood's insureds diligently filed and prosecuted the Ellis Parties' claims against Sam Martin, Jr., and the IRS. Second, no material issue of fact remains as to the 2012 settlement's existence. At trial, Arrowood is free to argue that liability was not "reasonably clear" despite the settlement between the Ellis Parties and Arrowood's insureds. The trial will be limited to Case 3: the Ellis Parties' UCSPA claims against Arrowood that accrued after November 5, 2007. *See* R. 137 at 21 (order denying summary judgment as to those claims).

In an abundance of caution, the Court will provide additional guidance on the issues remaining for trial. Questions for the jury include: one, "[d]id Arrowood act outrageously in delaying settlement until 2012?" *Id.* at 14. Arrowood is free to offer a "compelling explanation" for its actions. *Id.* For example, did intervening events make "liability less than 'reasonably clear' after the 2005 settlement?" *Id.* at 15. Two, were the expenses the Ellis Parties seek to recover—such as Jim Ellis's travel costs and per diems from attending various mediations and settlement conferences, *id.* at 19—"sustained [because of Arrowood's] violation of the UCSPA" as required by statute? *Id.* at 20; *see also* Ky.Rev.Stat. Ann. § 446.070. Arrowood is free to introduce evidence at trial that liability was not reasonably clear, and/or

that it did not act with the requisite bad faith in delaying settlement until 2012. Arrowood can also dispute the calculation and causation of the Ellis Parties' damages. But Arrowood's desire to reopen Case 1 and Case 2 does not change the fact that only Case 3 remains for trial.

## SANCTIONS

Arrowood asks what sanctions will be imposed on the Ellis Parties under Federal Rule of Civil Procedure 37(c)(1) for the Ellis Parties' failure to timely disclose damage calculations. R. 139–1 at 12. The Court previously decided that total exclusion is inappropriate, R. 137 at 18, because Arrowood received the calculations almost nine months before the close of discovery. *Id.* at 17. Such is the poison of long discovery; omissions that would normally prejudice the opposing party no longer justify imposition of the harshest sanctions. But the Court can impose alternative sanctions in its discretion. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783–84 (6th Cir.2003) (explaining that Rule 37(c)(1) "provides several remedies to a district judge faced with violations" of Rule 26's mandatory disclosure provisions); *Vance v. United States*, No. 98–5488, 1999 WL 455435, at *4 (6th Cir. June 25, 1999) (noting that Rule 37(c)(1) is mandatory, but that "the rule somewhat tempers this mandate by permitting courts to excuse failures to disclose to some degree (i.e., to impose other sanctions 'in lieu of this sanction')"). The Court would consider imposing a more appropriate sanction; specifically, "inform[ing] the jury of [the Ellis Parties'] failure" to timely comply with Rule 26. Fed.R.Civ.P. 37(c)(1)(B). If Arrowood wants the Court to impose that sanction, it must file such a motion by Monday, July 27, 2015. The Ellis Parties must respond by Monday, August 3, 2015, if Arrowood files such a motion. Arrowood may reply

by Friday, August 7, 2015. *See id.* (stating court can impose alternative sanctions "on motion and after giving an opportunity to be heard").

## BIFURCATION

■ The Court may order separate trials under Federal Rule of Civil Procedure 42(b) "[f]or convenience, to avoid prejudice, or to expedite and economize." The Sixth Circuit has held that courts "in ordering separate trials must consider several issues such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982); *see also Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir.2007). The district court has "broad discretion" over bifurcation. *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir.1988) (internal citations omitted). The party seeking bifurcation bears the burden of demonstrating the need for separate trials. *See Hoskins v. Allstate Prop. & Cas. Ins. Co.*, No. 6:06–389–DCR, 2006 WL 3193435, at *2 (E.D.Ky. Nov. 2, 2006).

Arrowood makes multiple arguments for having seven separate trials: first, that Kentucky law requires a separate trial for the underlying legal malpractice claims, Case 2; second, that trying the bad faith claim along with the Case 2 claims would unfairly prejudice Arrowood and confuse the jury; and third, that the separate resolution of the claims in Case 1 or Case 2 may obviate the need for a trial on the Ellis Parties' UCSPA bad faith claim, promoting judicial economy. R. 141–1. As explained above, Case 1 and Case 2 have already been resolved. Further, Arrowood does not demonstrate prejudice, nor does Arrowood prove that multiple trials would serve the interests of convenience or judicial economy.

■ Arrowood's arguments about bifurcation under Kentucky law do not apply here. Arrowood states that "well-established Kentucky case law ... provides that this Court should separate the 'suit within the suit' jury trials on the [u]nderlying Ellis Claims [Case 1], the legal malpractice negligence jury trials as to. liability [Case 2], if any, and the UCSPA [b]ad [f]aith [c]laims [Case 3]." R. 141–1 at 10. But this Court must apply federal law, which governs the applicable standard for bifurcation in diversity actions. *See In re Bendectin Litig.*, 857 F.2d 290, 316 (6th Cir. 1988) (holding that trial. court "carefully made the necessary inquiry" into Rule 42(b) when making trifurcation decision in diversity case); *Nationwide Mut. Fire Ins. Co. v. Jahic*, No. 3:11–CV–00155, 2013 WL 98059, at *1 (W.D.Ky. Jan. 7, 2013) ("Based on the overwhelming precedent where federal courts sitting in diversity have applied Federal Rule of Civil Procedure 42(b) rather than state law to decide bifurcation issues—many of which appear in the precise context presented in this case—the Court cannot agree with the parties' assertions that Kentucky law governs and instead finds Rule 42(b) is the standard applicable here.").

■ Federal law on bifurcation for bad faith claims against insurers does not support Arrowood's argument for separate trials. Federal courts sometimes bifurcate trials of underlying liability claims and bad faith claims, but only when the liability claims are still unresolved. *See, e.g., Warren v. Federal Ins. Co.*, 358 Fed.Appx. 670, 676 (6th Cir.2009) (holding it was reasonable for the district court to bifurcate bad faith claim and stay discovery while breach of contract coverage claim was pending). There is no pending contract claim here. The only remaining claim is the Ellis Parties' bad faith claim against Arrowood, Case 3. Both federal and Kentucky courts

that bifurcate bad faith claims are usually concerned about prejudice against the insured defendant in cases where a plaintiff asserts (1) a claim for liability against the defendant and (2) a bad faith claim against the defendant's insurer. *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213, 214 (W.D.Ky.2001) (denying insurer's motion for bifurcation of bad faith claims from claim for basic reparation benefits when insurance company was the sole defendant); *see also Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky.1993) (citing concern that evidence about bad faith actions of defendant Jones' insurer, State Farm, would prejudice jury against Jones in determining her liability in car crash). Here, there is no concern that evidence of Arrowood's alleged bad faith actions will influence whether the insured law firms are liable to the Ellis Parties. That issue is settled. Therefore, there is no risk of prejudice.

Arrowood's remaining arguments do not demonstrate prejudice that would justify separate trials. Arrowood states conclusorily that jurors would be "overwhelmed in one collective trial of multiple issues of liability and damages." R. 141–1 at 13. But no "multiple issues of liability and damages" are being tried in this case; Case 1 and Case 2 are resolved. The Ellis Parties are not suing Arrowood's insureds, Sam Martin, Jr., or the IRS. As discussed above, the only issue is whether Arrowood owes the Ellis Parties for violating the UCSPA. The jury will simply have to decide whether Arrowood failed to attempt to reach a fair settlement with the Ellis Parties once liability became reasonably clear.

Arrowood argues that including Arrowood as a defendant in a hypothetical trial against its insureds, Case 2, would prejudice the "[i]nsured [d]efendants," citing Federal Rule of Evidence 411. R. 141–1 at 14. Federal Rule of Evidence 411 disallows evidence of insurance to prove whether a person "acted negligently or otherwise wrongfully." Fed.R.Evid. 411. Arrowood's argument does not apply because the settlement resolved the Ellis Parties' claims against Arrowood's insureds, Case 2. Arrowood's insureds are not on trial. The issue in this case is whether *Arrowood*, not its insureds, acted wrongfully. Therefore, any prejudice to Arrowood's insureds from evidence that they were insured is completely irrelevant in Case 3, the Ellis Parties' bad faith claim against Arrowood.

■ Arrowood does not show any jury confusion that would result from trying the Ellis Parties' bad faith claim. Jurors regularly assess underlying liability in bad faith claims. The elements that a claimant must establish in a bad faith claim are: "(1) the insurer [is] obligated to pay the claim under the terms of the policy; (2) the insurer lack[s] a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir.2012). Sixth Circuit cases where judges have held separate trials due to potential jury confusion are much more complex. For example, in *Kosters v. Seven–Up Co.*, 595 F.2d 347, 356 (6th Cir. 1979), the Sixth Circuit held that the district court was within its discretion to order separate trials because of the "confusion that surrounds questions of indemnity and contribution in products liability cases, and the difficulty of clarifying the factors" to decide between indemnity and contribution. *Id.* at 356. Even the business arrangements in *Kosters* were unusual; the defendant soft drink franchisor retained the right of control over the carton design but did not actually manufacture or supply

it. *Id.* at 350. The case had "five related theories of product liability: a negligence theory, three strict liability theories, and one contract theory." *Id. Kosters* also involved multiple claims: defendant Seven–Up Co. had a third-party claim against the bottling company and the carton manufacturer. *Id.* at 356. In Arrowood's case, the underlying business arrangements are standard. Law firms often have malpractice insurance, and many malpractice suits settle. There are fewer than five theories of liability for the Ellis Parties' bad faith claim, and there is only one defendant: Arrowood. Arrowood provides no reason to think a jury incapable of understanding the bad faith claim in this case.

Finally, Arrowood argues that a trial on the Ellis Parties' bad faith claim, Case 3, would be unnecessary if Arrowood's insureds are not liable to the Ellis Parties in Case 2. R. 141–1 at 10–11. Therefore, a trial on Case 2 would promote judicial economy. *Id.* It is true that "whether resolution of a single issue would likely be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir.1982). But as the Court repeatedly stated, the issue of Arrowood's insureds' liability to the Ellis Parties is resolved. Obviously, relitigating a settled issue is not an efficient use of judicial resources. And a jury verdict on Case 2 may not automatically make liability "reasonably clear" under the UCSPA. *See, e.g., Lee v. Medical Protective*, 904 F.Supp.2d 648, 656 (E.D.Ky.2012) (holding that, despite a jury verdict against the insured hospital for medical malpractice, liability was not "beyond dispute"). And even if liability in Case 2 were unresolved, bifurcation is not mandatory. *In re Beverly Hills*, 695 F.2d at 216 (stating inquiry into whether "resolution of single issue would likely be dispositive of an entire claim" is "highly relevant" to bifurcation, but not dispositive).

## CONCLUSION

Arrowood has no right to have Case 1 or Case 2 tried separately and first by a jury. The claims in those cases are resolved. Arrowood has failed to demonstrate the requisite prejudice and jury confusion that would result from having a jury decide the Ellis Parties' bad faith claim in Case 3. Bifurcating—or septfurcating—trial would merely waste judicial time and resources in this matter that has already lasted for "seventeen contentious years." R. 137 at 21.

Accordingly, it is **ORDERED** that:

(1) Arrowood's motion to clarify the scope of trial, R. 139, is **GRANTED**.

(2) Arrowood's motion for up to seven separate trials, R. 141, is **DENIED**.

(3) By **Monday, July 27, 2015,** Arrowood **MUST FILE** a motion if it wants the Court to impose an alternative sanction on the Ellis Parties.

(4) By **Monday, August 3, 2015,** the Ellis Parties **MUST RESPOND** to Arrowood's motion for an alternative sanction.

(5) By **Friday, August 7, 2015,** Arrowood may reply to the Ellis Parties' response.